UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY ZAMBRANA, an
individual,

     Plaintiff,

v.                                              Case No.:  2:23-cv-731-SPC-KCD

SCUBA VICE DIVING CENTER,
LLC and RAMIRO I. PALMA,

      Defendants.

_____/

## ORDER

Plaintiff Jeffrey Zambrana moves for a final default judgment against Defendant Scuba Vice Diving Center, LLC. (Doc. 44.) For the reasons below, the motion is denied.

A court may enter a default judgment when the complaint presents a sufficient basis for relief. Fed. R. Civ. P. 55(b). This exists if the well-pled factual allegations state a plausible claim for relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). But when multiple parties are involved in a lawsuit, as here, there is an added requirement. "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added).

Determining whether there is just reason to delay entry of a final judgment "requires the district court to balance the judicial administrative interests and relative equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997). Circumstances that give rise to Rule 54(b) certifications are rare. *Id.* at 166. Partial final judgments are reserved for those unique instances where the "pressing needs of the litigants" are outweighed by "the risks of multiplying the number of proceedings and overcrowding the appellate docket." *Id.* Against this backdrop, district courts have been counseled to exercise discretion under Rule 54(b) "conservatively." *Id.*

Plaintiff does not mention Rule 54(b) despite its applicability here. *See N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-CV-476-ORL-31, 2012 WL 5378826, at *3 (M.D. Fla. Sept. 4, 2012). That alone is dispositive of his request for a default judgment against Scuba Vice. But even considering Rule 54 in the first instance, the Court finds it appropriate to delay entry of a final judgment for at least two reasons.

First, in a multi-defendant action where only some parties default, "[t]he preferred practice is to withhold granting default judgment . . . until there is an adjudication on the merits as to the non-defaulted defendants." *Nautilus Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-CV-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019). This avoids inconsistent judgments in

situations where the plaintiff's claims depend on the same operative facts and seek substantially the same relief. Those are the circumstances here—Plaintiff's FLSA claims are brought against the named defendants collectively. But unlike Scuba Vice, Defendant Ramiro Palma has responded to the complaint. Thus, because the claims are brought against both defaulted and non-defaulted defendants, and are based on the same evidence, final judgment should be delayed against Scuba Vice. This avoids the possibility that inconsistent judgments will later arise.

Second, denying entry of a judgment furthers the judicial interest in avoiding piecemeal litigation. *Ebrahimi*, 114 F.3d at 166. In instances where "the factual underpinnings of [plaintiff's] adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Id.* The factual underpinnings of Plaintiff's claims are intertwined. Thus, granting relief under Rule 54 would only invite piecemeal litigation. As the Eleventh Circuit has said time and again, it's often better to wait until there is finality to enter judgment. Such is the case here.

Accordingly, it is now **ORDERED**:

Plaintiff's Motion for Entry of Default Final Judgment (Doc. 44) is **DENIED WITHOUT PREJUDICE**. Plaintiff can petition for a default judgment against Scuba Vice when the case concludes as to the remaining defendant who has appeared.

**ENTERED** in Fort Myers, Florida on July 9, 2024.


Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record