UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY ZAMBRANA, an
individual,

      Plaintiff,

v.                            Case No.:  2:23-cv-731-SPC-KCD

SCUBAVICE DIVING CENTER,
LLC AND RAMIRO I. PALMA,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 45). Defendant Ramiro I. Palma's failure to respond within 21 days of the motion's filing deems the motion unopposed and all supported facts undisputed.  Fed. R. Civ. P. 56(e)(2); Local Rule 3.01(c).

The Clerk entered default against Defendant Scubavice Diving Center, LLC ("SDC") on April 17, 2024 (Doc. 43), but the Court later denied Plaintiff's Motion for Default Judgment (Doc. 44) without prejudice because the case remained open against Palma.  (Doc. 46).  This motion addresses only the summary judgment issue against Palma.  For the reasons below, the Court denies the motion.

This is a case about unpaid wages brought under the Fair Labor Standards Act ("FLSA") and both the Florida Constitution and Florida Minimum Wage Act ("FMWA"). Palma represented himself as the owner of SDC when he offered Plaintiff an apprentice position learning diving, snorkeling, and maintenance, service, and repair work. (Doc. 45-1 at ¶ 3). Plaintiff's responsibilities also included working as a sales associate, opening and closing the store as a keyholder, and supervising the sales floor and dive pool. (*Id.* at ¶¶ 3, 5). Customers were charged for Plaintiff's repair and technician work. (*Id.* at ¶ 5).

Plaintiff was provided unlimited use of the dive pool, retail discounts, and a promise of future employment upon certification. (*Id.* at ¶ 9). Despite Plaintiff's expectation of actual compensation, he worked unpaid for almost 3.5 years. (*Id.* at ¶¶ 6, 9, 11). Yet other employees working as technicians and sales associates received compensation for their work. (*Id.* at ¶ 8). Palma periodically offered Plaintiff compensation "under the table," but Plaintiff refused the payments because he regarded such as illegal. (*Id. at* ¶ 9). Palma was responsible for maintaining Plaintiff's work schedule and all compensation decisions. (*Id.* at ¶ 4).

Plaintiff sold and repaired diving gear manufactured by national brands, ordered parts from out-of-state companies, obtained certifications from out-of-state companies, and engaged in out-of-state work travel. (*Id.* at ¶ 10).

Plaintiff approximates that he worked 5,831 hours for SDC without pay. (*Id.* at ¶ 12). Palma failed to keep time records of Plaintiff's work. (*Id.* at ¶ 7).

Plaintiff moves for summary judgment arguing: (1) Palma is an employer subject to individual liability and (2) the undisputed facts establish a minimum wage claim. Palma, a *pro se* litigant, filed no opposition or alternative facts.

## LEGAL STANDARD

Summary judgment is proper when the movant shows no genuine issues of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Id.* at 1259.

Courts must "resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Courts must not "weigh the evidence and determine the truth of the matter but [must] determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242–43.

Despite Palma's lack of response, Plaintiff must still show it is entitled to summary judgment. *United States v. One Piece of Real Prop. Located at*

*5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). The record evidence supporting the motion is treated as undisputed and the arguments unrebutted. *Ministerios El Camino v. Scottsdale Ins. Co.*, 587 F. Supp. 3d 1194, 1202 (S.D. Fla. 2022). Courts "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.* at 1101. The movant still "shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Even so, if no genuine issues of material fact exist, the merits of the motion must be addressed because summary judgment by default is impermissible. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004).

## ANALYSIS

### A. Palma's Individual Liability as an Employer

An employer under the FLSA includes "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). Thus, individual liability for unpaid wages can be imposed

4

on individuals who control a corporation's finances and are responsible for the compensation of employees.  *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013).  "A supervisor's ownership interest in the corporation and control over the corporation's day-to-day functions are relevant to this inquiry because they are indicative of the supervisor's role in causing the violation." *Id.*

Plaintiff states in his declaration that Palma *represented* himself as the owner and was responsible for hiring him, maintaining his work schedule, and making compensation decisions.  (Doc. 45-1 at ¶ 3, 4).  Although Palma denied employer liability under the FLSA, he admitted having operational control over SDC in his Answer.  (Doc. 26 at ¶ 8; Doc. 24 at ¶ 8).  Palma's ownership interest is a material fact of which Plaintiff provides no evidentiary support yet seems to rely on.  Thus, Plaintiff has failed to meet its burden of showing an absence of genuine issues of material fact.

## B.  The Minimum Wage Claim

The FLSA requires employees to be paid no less than the federal minimum wage.  *See* 29 U.S.C. § 206.  The Florida Constitution and FMWA require employees to be paid a wage equal to or greater than Florida's adjusted minimum wage.  Fla. Stat. § 448.110(3); Fla. Const. art. X, § 24.  The legal standards governing FLSA claims also govern minimum wage claims under

5

the FMWA and the Florida Constitution. *Smith v. Bigtop Bingo, Inc.*, 660 F. Supp. 3d 1290, 1300 (N.D. Fla. 2023).

To prevail, Plaintiff must show that "(1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). That Plaintiff was never paid a direct wage for his work is undisputed. (Doc. 45-1 at ¶ 6). Palma admits such. (Doc. 26 at ¶ 20). Therefore, the third element is not at issue.

### 1. Employee status

To receive minimum wages, Plaintiff must be an "employee" as defined by the FLSA—meaning he is an "individual employed by an employer." 29 U.S.C. § 206; *Id.* § 203(e)(1); *Jones v. IndustryPro.com, Inc.*, No. 1:20-CV-1412-SCJ, 2021 WL 2593768, at *1 (N.D. Ga. Mar. 2, 2021). An "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* § 203(d).

Plaintiff worked in an "apprentice type position." (Doc. 45-1 at ¶ 3). "[A]n intern learning under an employer is not considered 'employed' by the FLSA so long as the intern is the primary beneficiary of the relationship." *McKay v. Miami-Dade Cnty.*, 36 F.4th 1128, 1138 (11th Cir. 2022). The following non-exhaustive factors are considered in determining the primary beneficiary of an intern-employer relationship:

1. The extent to which the intern and the employer clearly understand that there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee—and vice versa.

2. The extent to which the internship provides training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions.

3. The extent to which the internship is tied to the intern's formal education program by integrated coursework or the receipt of academic credit.

4. The extent to which the internship accommodates the intern's academic commitments by corresponding to the academic calendar.

5. The extent to which the internship's duration is limited to the period in which the internship provides the intern with beneficial learning.

6. The extent to which the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern.

7. The extent to which the intern and the employer understand that the internship is conducted without entitlement to a paid job at the conclusion of the internship.

*Schumann v. Collier Anesthesia, P.A.*, 803 F.3d 1199, 1211–12 (11th Cir. 2015).

The first factor, expectation of compensation, is inconclusive. Plaintiff states he was offered an "apprentice type position" and that he "expected compensation" in addition to "use of the dive pool, discounts on dive equipment,

7

and a promise of future employment once certain certifications were obtained."
(Doc. 45-1 at ¶¶ 3, 9).  Despite Plaintiff's apparent expectation of compensation,
Plaintiff provided no evidentiary support as to whether Palma expected to
compensate Plaintiff.   Nevertheless, Plaintiff never received monetary
compensation during the almost 3.5 years he worked there—a long time to
work without receiving wages if there was an expectation of such.

The fifth factor[1], "whether the duration of the training was necessary to
accomplish the goals of the training," is unclear from Plaintiff's facts.  *Axel*,
711 F. App'x at 947.  The goal of his apprentice position was to learn
snorkeling, diving, and service and repair work on related gear for future
employment by SDC.  (Doc. 45-1 at ¶¶ 3, 9).  Presumably, the apprentice
position was indefinite with no date certain for completion, but Plaintiff
provides no facts to support the Court's inference.  Plaintiff worked in the
position for almost 3.5 years—which seems excessive to complete the goals of
the training (considering he worked about 5,831 hours).  (*Id.* at ¶¶ 11, 12); *Axel*,
711 F. App'x at 947 (finding an indefinite training period paired with 60-hour
work weeks was excessive for meeting the goals of the training).

---

[1] Factors two through four are inapplicable here as they are specific to an academic training
program. *Axel v. Fields Motorcars of Fla., Inc.*, 711 F. App'x 942, 947 (11th Cir. 2017) (finding
factors two through four only applicable to formal academic programs).

The sixth factor, whether Plaintiff's work displaced the work of paid employees, is unsupported by the facts.

The last factor, entitlement to paid employment upon completion of the apprenticeship, is inconclusive. The only fact supporting entitlement to paid employment is Plaintiff's account that Palma promised Plaintiff future employment once he obtained certain certifications. (Doc. 45-1 at ¶ 9). This factor requires understanding from *both* parties that Plaintiff would be entitled to future employment. *Id.* at 948 n.6 (concluding that an inference of a promise of future employment is speculative when the employer characterized the alleged promise as merely a possibility of future employment).

Based on the limited evidentiary materials before the Court, genuine issues of material fact remain as to whether Plaintiff was an employee as defined by the FLSA.

   *2. Interstate Commerce*

Plaintiff must establish a connection to interstate commerce through either (1) individual coverage (where the employee was "engaged in commerce or in the production of goods for commerce") or (2) enterprise coverage (where the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce"). 29 U.S.C. § 206(a); *Martinez v. Palace*, 414

9

F. App'x 243, 244 (11th Cir. 2011). Plaintiff argues that both enterprise and individual coverage apply. (Doc. 45 at 4–6).

First, individual coverage requires the employee to be "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). To be "engaged in commerce" requires an employee to:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005).

*Id.* Although Plaintiff cites to his declaration to support his conclusory argument for individual coverage, the Court is provided without pinpoint citations or any indication of what facts within the declaration relate to individual coverage. (Doc. 45 at 6). After reviewing Plaintiff's declaration, the Court recognizes that Plaintiff ordered parts from out-of-state and traveled out-of-state, but the method of ordering and frequency of ordering and travel are absent. (Doc. 45-1 at ¶ 10). Plaintiff has failed to meet his "initial burden of production in demonstrating the absence of any genuine issue of material fact" to prevail on a theory of individual coverage. *Reese*, 527 F.3d at 1268.

Next, enterprise coverage requires the employer to be an enterprise that (1) "has employees engaged in commerce or in the production of goods for

commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an "annual gross volume of sales made or business done" of no less than $500,000. 29 U.S.C. § 203(s)(1). Nothing in the evidentiary materials suggests SDC's "annual gross volume of sales made or business done" was no less than $500,000. Plaintiff argues that his allegation in the complaint of gross annual revenue of no less than $500,000 is sufficient because SDC defaulted and the facts in the complaint are deemed admitted. (Doc. 45 at 5, 6). The Court is not convinced that SDC's default, and its admittance of alleged facts, should be imputed to Palma. Thus, Plaintiff has not met its burden of showing the absence of a genuine issue of material fact for enterprise coverage.

Because Plaintiff has failed to meet its burden of showing an absence of genuine issues of material fact for individual liability and the minimum wage claim, summary judgment for Plaintiff is improper, and the motion is denied without prejudice. If Plaintiff can cure its deficiencies and provide sufficient evidentiary support, then Plaintiff may refile the motion. Fed. R. Civ. P. 56(e) ("If a party fails to support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact . . . or (4) issue any other appropriate order."). At that time, and if appropriate, the Court will review Plaintiff's arguments on damages.

The Court warns Plaintiff that failure to correct these deficiencies may result in judgment for Defendant. *See* Fed R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant[.]"); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999) ("A district court possesses the power to enter summary judgment sua sponte provided the losing party was on notice that she had to come forward with all of her evidence.") (cleaned up).

Accordingly, it is

**ORDERED:**

(1) Plaintiff's Motion for Summary Judgment (Doc. 45) is **DENIED**.

(2) **On or before October 3, 2024**, Plaintiff may renew his motion after curing its deficiencies.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

12