UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY ZAMBRANA, an individual,

    Plaintiff,

v.                                                                  Case No.: 2:23-cv-731-SPC-KCD

SCUBAVICE DIVING CENTER, LLC AND RAMIRO I. PALMA,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff's Renewed Motion for Summary Judgment (Doc. 48). Defendant Ramiro I. Palma's failure to respond deems the motion unopposed and all supported facts undisputed. Fed. R. Civ. P. 56(e)(2); Local Rule 3.01(c).

The Court denied Plaintiff's initial motion for summary judgment (Doc. 45) and provided Plaintiff leave to renew the motion after certain deficiencies were cured. (Doc. 47). Plaintiff was warned that "failure to correct these deficiencies may result in judgment for Defendant." (*Id.* at 12). In response, Plaintiff filed this motion with a supporting declaration. (Doc. 48). For the following reasons, the Court denies the motion and grants summary judgment for Defendant Palma.

## BACKGROUND

This is a case about unpaid wages brought under the Fair Labor Standards Act ("FLSA"), the Florida Constitution, and the Florida Minimum Wage Act ("FMWA"). Defendant Palma, owner of SDC, offered Plaintiff an apprentice-type position learning diving, snorkeling, and maintenance and repair work. (Doc. 48-1 ¶ 3). He promised Plaintiff future *paid* employment upon receipt of certain certifications. (*Id.* ¶ 9). After Plaintiff obtained the necessary certifications, he was told he would be paid, but Defendant Palma never followed through. (*Id.*). Because of this, and after almost three and a half years, Plaintiff terminated his working arrangement with SDC. (*Id.* ¶¶ 9, 12).

Plaintiff's responsibilities at SDC included working as a sales associate, opening and closing the store as a keyholder, supervising the sales floor and dive pool, pool maintenance, diving gear repair and maintenance work, and assisting on diving certification trips. (*Id.* ¶¶ 3, 5, 11). Defendant Palma provided Plaintiff with zero training and very little supervision. (*Id.* at ¶ 3). Along with the promise of future paid employment, Plaintiff was provided unlimited use of the dive pool and retail discounts. (*Id.* ¶ 9). Despite Plaintiff's expectation of actual compensation, he worked unpaid for almost three and a half years. (*Id.* ¶¶ 6, 9, 12).

When Plaintiff was hired, he replaced a paid employee and was often scheduled instead of other paid employees. (*Id.* ¶ 5). If Plaintiff was unavailable, his shifts were given to paid employees. (*Id.*). Defendant Palma periodically offered Plaintiff compensation "under the table," but Plaintiff refused. (*Id.* ¶ 9). Customers were charged for Plaintiff's repair technician work. (*Id.* ¶ 5).

SDC and Plaintiff sold and rented products manufactured by national brands to out-of-state customers who traveled to Florida to obtain their diving certifications from SDC. (*Id.* ¶¶ 10, 11). Plaintiff directed the ordering of parts from out-of-state companies about every three months, obtained certifications from out-of-state companies, assisted in diving certification trips with out-of-state participants, and once traveled to Mexico to assist with a diving certification trip. (*Id.* ¶ 11). Plaintiff estimates SDC's annual gross revenue from diving certification trips and Plaintiff's own repair and maintenance is $562,925. (*Id.* ¶ 10).

Defendant Palma represented himself as the owner of SDC to Plaintiff, customers, vendors, and employees. (*Id.* ¶ 4). He was responsible for maintaining Plaintiff's work schedule and employee compensation. (*Id.*). He appeared to be the sole decision-maker at SDC. (*Id.*). SDC's 2023 Annual Report filed with the State of Florida lists him as SDC's only authorized manager. (*Id.* at 9).

3

Plaintiff approximates that he worked 5,831 hours for SDC without pay, around $51,023.68 in unpaid wages. (*Id.* ¶ 13; Doc. 21). Defendant Palma did not keep time records of Plaintiff's work. (*Id.* ¶ 7).

Plaintiff seeks summary judgment on his unpaid wage claims. Specifically, Plaintiff argues that the undisputed facts establish a minimum wage claim and damages and costs, including liquidated damages, should be awarded. Defendant Palma, a *pro se* litigant, once again did not respond.

## LEGAL STANDARD

Summary judgment is proper when the movant shows no genuine issues of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must "resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Courts must not "weigh the evidence and determine the truth of the matter but [must] determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242–43.

When a summary-judgment motion is unopposed, summary judgment by default is impermissible. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004). The moving party still "shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court

4

must satisfy itself that the burden has been satisfactorily discharged." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). If the non-moving party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); (Doc. 40 at 4). Thus, the Court accepts as undisputed those facts properly supported by evidentiary materials and examines whether Plaintiff met his burden of demonstrating an absence of any genuine issue of material fact.

## DISCUSSION

The FLSA requires employees to be paid no less than the federal minimum wage. *See* 29 U.S.C. § 206. The Florida Constitution and FMWA require employees to be paid a wage equal to or greater than Florida's adjusted minimum wage. Fla. Stat. § 448.110(3); Fla. Const. art. X, § 24. The legal standards governing FLSA claims also govern minimum wage claims under the FMWA and the Florida Constitution. *Smith v. Bigtop Bingo, Inc.*, 660 F. Supp. 3d 1290, 1300 (N.D. Fla. 2023).

To prevail, Plaintiff must show that "(1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012). Plaintiff has failed to present sufficient facts to support the second element, interstate commerce.

Plaintiff must establish a connection to interstate commerce through either (1) individual coverage (where the employee was "engaged in commerce or in the production of goods for commerce") or (2) enterprise coverage (where the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce"). 29 U.S.C. § 206(a); *Martinez v. Palace*, 414 F. App'x 243, 244 (11th Cir. 2011). Plaintiff argues that both individual and enterprise coverage apply. (Doc. 48 at 5–7).

As required for individual coverage, Plaintiff contends he was "engaged in commerce" through his "regular[] us[e] [of] the instrumentalities of interstate commerce in his work[.]" *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (stating "regular and recurrent use of interstate telephone, telegraph, mails, or travel" are examples of "instrumentalities of interstate commerce"); *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2011 WL 1326830, at *3 (S.D. Fla. Apr. 4, 2011) (finding individual coverage when the plaintiff's job duties included daily telephone, mail, and internet use). However, the undisputed facts show that Plaintiff handled dive gear manufactured by national brands, sold gear to out-of-state customers who used the gear for out-of-state travel, "directed the ordering of parts" from national brands, and participated in intrastate diving trips with out-of-state customers. (Doc. 48-1 at ¶ 11). Absent from those facts is any indication that Plaintiff was using the "instrumentalities of interstate

6

commerce in his work." *Thorne*, 448 F.3d at 126. Whether SDC's customers were from out-of-state or intended to use the gear out-of-state is immaterial to FLSA individual coverage. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012) ("[W]hether the customers Plaintiff served at Defendant's restaurant were local or from out-of-state is immaterial to establishing individual FLSA coverage."). Likewise, it is irrelevant that the gear Plaintiff handled passed through interstate commerce before arriving at SDC. *Id.* at 1313 ("[T]he fact that food . . . to be served to customers may have passed in interstate commerce before arriving at the restaurant does not invoke individual coverage under the FLSA."). Therefore, Plaintiff's argument for individual coverage fails as a matter of law.

As for enterprise coverage, an employer must (1) "ha[ve] employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) [have] an "annual gross volume of sales made or business done" of no less than $500,000. 29 U.S.C. § 203(s)(1). Goods do not have to be currently moving in commerce, but they must have moved in commerce at some time. *Lopez v. Top Chef Inv., Inc.*, No. 07-21598-CIV, 2007 WL 4247646, at *2 (S.D. Fla. Nov. 30, 2007). The undisputed facts establish that Plaintiff sold, rented, and repaired diving gear manufactured by national brands. (Doc. 48-1 at ¶ 11). Plaintiff's

7

declaration estimates SDC's gross annual revenue was more than $560,000. Specifically, Plaintiff estimates $484,000 in annual gross sales from diving trips based on the number of dive trips offered each year, the average number of participants enrolled, the average cost per participant, and the average dive gear purchase by participants. (Doc. 48-1 at ¶ 10). Plaintiff estimates an additional $78,125 in gross annual sales from Plaintiff's own repair work. (*Id.*). Plaintiff also states that additional revenue was made through dive gear sales, filling dive tanks, and pool rental fees. (*Id.*)

But declarations "support[ing] . . . a motion [for summary judgment] must be made on personal knowledge[.]" Fed. R. Civ. P. 56(c)(4). Speculative beliefs not based on direct knowledge of a business' financial practices are insufficient. *Hernandez v. Nanju Corp.*, No. 07-22786-CIV-MORENO, 2008 WL 1925263, at *3 (S.D. Fla. Apr. 30, 2008) (defendant did not meet the gross sales requirement for enterprise coverage when the plaintiff knew nothing about the business' financial practices and merely speculated the gross sales based on the average amount of food he prepared each day); *Arilus v. Diemmanuele*, 522 F. App'x 881, 884 (11th Cir. 2013) (defendant did not meet the gross sales requirement when plaintiffs saw customers paying with cash a few times). The Eleventh Circuit has explained that employees can establish the gross sales requirement through corporate ledgers or even just stating that they directly witnessed transactions that reached the $500,000 threshold.

8

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1317 n.4 (11th Cir. 2011).

Here, Plaintiff's estimate of gross sales from diving trips is based on *average* enrollment and the *average* cost of goods purchased by participants—without specifying the *source* of those averages. (Doc. 48-1 at ¶ 10). Thus, Plaintiff's estimate "principally relie[s] on conjecture and speculation, not admissible evidence based on personal knowledge." *Josendis*, 662 F.3d at 1317. Similarly, Plaintiff states SDC's other revenue streams in a conclusory fashion. (Doc. 48-1 at ¶ 10). The only estimate of gross sales *based on Plaintiff's personal knowledge* is the $78,125 in gross sales from his repair work. (*Id.*). Therefore, Plaintiff fails to present enough admissible evidence based on personal knowledge to reach the $500,000 threshold of the gross sales requirement of enterprise coverage.[1]

"[Plaintiff's] [m]otion opened the door to allow a pre-trial review of the sufficiency of the evidence supporting [his] claims, and it is readily apparent that [his] claims are not legally viable." *Reillo v. Alternate Health USA, Inc.*, No. 3:19-CV-109-J-34JBT, 2020 WL 6701625, at *3 (M.D. Fla. Nov. 13, 2020).

---

[1] Plaintiff also argues that his allegation in the complaint of gross annual revenue of no less than $500,000 is sufficient because SDC defaulted and the facts in the complaint are deemed admitted. (Doc. 48 at 6). However, unlike SDC's default judgment, the complaint's allegations are not deemed admitted against Defendant Palma. *Duldulao v. Kennedy Spa, LLC*, No. 8:10-CV-2607-T-30AEP, 2013 WL 2317729, at *2 (M.D. Fla. May 28, 2013) (finding a defendant's default is not imputed to a co-defendant).

So, even if "a jury were to accept [Plaintiff's] evidence and believe [his] version of events entirely, [his] claims . . . would still fail[.]" *Id.* (granting summary judgment for the non-moving party when the moving party supported its motion with nothing more than her own declaration). "After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant[.]" Fed. R. Civ. P. 56(f). It is well settled that "[a] district court possesses the power to enter summary judgment sua sponte provided the losing party was on notice that she had to come forward with all her evidence." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999) (cleaned up).

That is what happened here. Plaintiff was warned that failure to provide enough facts to support his claims would result in the entry of judgment for Defendant Palma. (Doc. 47 at 12). The Court specifically flagged the interstate commerce element as deficient in it's last Order. (*Id.* at 9-11). Yet Plaintiff still falls short. Because Plaintiff cannot show interstate commerce, even assuming the facts are undisputed, the Court finds it appropriate to enter summary judgment for Defendant Palma.[2]

Accordingly, it is

---

[2] The FMWA claim fails for the same reasons. *Chavez v. Grill Enterprises, LLC*, No. 20-22603-CIV, 2022 WL 1642757, at *10 (S.D. Fla. Jan. 31, 2022) ("Here, because the Court finds that Plaintiffs have not adduced evidence demonstrating coverage under the FLSA—through either enterprise or individual coverage—the Court finds that Plaintiffs have not adduced evidence demonstrating coverage under the FMWA.").

**ORDERED:**

(1) Plaintiff's Renewed Motion for Summary Judgment (Doc. 48) is **DENIED.**

(2) The Court **GRANTS** summary judgment in favor of Defendant Ramiro I. Palma.

(3) The Clerk is **DIRECTED** to enter judgment in favor of Defendant Ramiro I. Palma and against Plaintiff Jeffrey Zambrana on all Counts of the Amended Complaint.

(4) **On or before January 4, 2025**, Plaintiff must move for default judgment against Scuba Vice Diving Center, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record