UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY ZAMBRANA, an
individual,

      Plaintiff,

v.                           Case No.:  2:23-cv-731-SPC-KCD

SCUBAVICE DIVING CENTER,
LLC and RAMIRO I. PALMA,

      Defendants.

_____/

## AMENDED[1]  REPORT & RECOMMENDATION

Plaintiff Jeffrey Zambrana moves for a default judgment in this Fair Labor Standards Act ("FLSA") case against Scubavice Diving Center, LLC ("SDC"). (Doc. 51.)[2] No response was filed, and the time to do so expired.[3] In his amended complaint (Doc. 24), Zambrana seeks a sum certain for unpaid wages under the FLSA the Florida Minimum Wage Act ("FMWA"), plus attorney's fees and costs. Having been defaulted (Doc. 43), SDC is subject to the entry of a judgment by the clerk for the sum certain stated in the amended

---

[1] The R&R is amended only to the extent that the total amount of damages to be included in the judgment should be **$102,958.36** (not $102,458.36). (Doc. 52.)

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[3] *See* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.").

complaint and supported by a declaration (Doc. 51-1), as well as an award of costs. Thus, the motion should be granted in part as set forth below.

## I. Background

The Court takes these facts from the amended complaint, which are deemed admitted by SDC's default. SDC is a Florida company that does business in Fort Myers. Defendant Ramiro I. Palma[4] owns the company. Palma offered Zambrana an apprentice-type position learning diving, snorkeling, and maintenance and repair work. He promised Zambrana future paid employment upon receipt of certain certifications. After Zambrana obtained the necessary certifications, he was told he would be paid, but Palma never followed through. Because of this, Zambrana terminated his working arrangement with SDC after almost three and a half years. Zambrana then brought this suit to recover the unpaid wages, including liquidated damages, attorney's fees, and costs.

For the first five months of this case, SDC appeared through counsel and answered the amended complaint. (Doc. 26.) But its attorney withdrew last February, and the Court told the corporate defendant that it could appear only through licensed counsel. (Doc. 37); *see, e.g., U.S. ex rel. Stronstorff v. Blake*

---

[4] The claims against Palma have been resolved. (Docs. 49, 50.) So there are no longer multiple parties involved that would prevent entering a default judgment against SDC. *See* Fed. R. Civ. P. 54(b).

*Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003). The Court provided SDC a month to obtain counsel. (Doc. 37.) No counsel appeared.

The Court then directed SDC to show cause why it failed to comply with the Court's order, warning that failure to do so would result in default proceedings. (Doc. 41.) SDC did not respond. Because the corporate defendant had not obtained counsel, a clerk's default was entered. Zambrana now moves for a default judgment. (Doc. 51).

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 823CV00081KKMAEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the clerk enters default. *Id.* By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Discussion

#### A. Subject Matter Jurisdiction

Zambrana sues under the FLSA. (Doc. 38.) The Court has subject matter jurisdiction over this federal claim through 28 U.S.C. § 1331.

#### B. Personal Jurisdiction

Personal jurisdiction is also essential to a valid claim. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021). Thus, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue sua sponte." *Id.*

SDC appeared, answered the complaint, and did not object to the Court's personal jurisdiction. "A party that fails to raise a defense of lack of personal

4

jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, personal jurisdiction is satisfied.

### C. Liability

With service out of the way, the next question is whether "the well-pleaded allegations in the complaint are sufficient to state a substantive cause of action." *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 217CV403FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018).

To prevail on a minimum wage claim,[5] Zambrana must show: (1) the defendant employed him; (2) he was employed by an enterprise engaged in commerce; and (3) the defendant did not pay him a minimum wage required by the FLSA. *Cain v. One Stop PC Help, Inc.*, No. 8:15-CV-1071-T-27TBM, 2017 WL 10241541, at *3 (M.D. Fla. Jan. 17, 2017); *Martinez v. Askins & Miller Orthopaedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, at *2 (M.D. Fla. Mar. 11, 2019).

Zambrana alleges that Palma was (and is) the owner of SDC and that Defendants were Zambrana's "employers" for purposes of FLSA liability. (Doc.

---

[5] "The FMWA adopts and incorporates many of the statutory and regulatory provisions of the FLSA, and the Florida Legislature intended for case law, administrative interpretations, and other standards developed under the FLSA to guide the implementation and construction of the FMWA." *Niles v. Denny's Inc.*, No. 616CV1000ORL40TBS, 2017 WL 11002285, at *2 (M.D. Fla. Feb. 21, 2017).

24 at 2-3.) To determine whether a defendant is an employer under the FLSA, a court looks to whether it "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 888 (11th Cir. 2011). Based on the well-pled allegations, the Court finds that SDC employed Zambrana from November 2019 through February 2023. (Doc. 24 at 3-5; Doc. 51-1 at 3.)

As to enterprise coverage, Zambrana must show that the enterprise: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Zambrana alleges as much in the amended complaint. (Doc. 24 at 2-3.) Thus, based on the well-pled allegations, the Court finds SDC was an employer engaged in interstate commerce.

Finally, Zambrana claims he was not paid for his time working for SDC. These allegations are enough for the minimum wage claims under the FLSA and FMWA.

### D. Damages

An employer who violates the minimum wage provision of the FLSA is liable for the employee's unpaid wages and an additional equal amount for liquidated damages. 29 U.S.C. § 216(b). Zambrana bears the burden of proving the amount of damages to be awarded and may establish the amount by affidavit. *Cabrera v. Fla. Express Bus, LLC*, No. 8:13-CV-1850-T-35EAJ, 2015 WL 12844403, at *2 (M.D. Fla. June 23, 2015).

In support of his claims, Zambrana relies on his Answers to the Court's interrogatories (Doc. 21) and his declaration (Doc. 51-1), which the Court finds contain sufficient information to establish the amount and extent of the work he performed and an adequate basis for calculating his damages. *See, e.g.*, *Miranda v. Palms Hotels & Villas, LLC*, No. 606CV-1902-ORL-28KRS, 2007 WL 3232242, at *4 (M.D. Fla. Oct. 31, 2007) (finding an employee's affidavit carries her burden of proving the amount and extent of her work and a basis for calculating damages when the employer's records are inaccurate or non-existent).

To compensate Zambrana for SDC's failure to pay him a minimum wage, the Court finds that awarding lost wages and an equal amount of liquidated damages is justified to effectuate the purposes of the FLSA.

**E. Costs**

The FLSA states that claimants are entitled to reasonable attorney's fees and costs as a prevailing party. *See* 29 U.S.C. § 216(b). Zambrana seeks costs

here, and the Court finds he is a prevailing party entitled to such relief.

Zambrana's request for costs includes the process server ($49), the filing fee ($402), and the mediator's fee ($460). (Docs. 59-2 at 11; 51-1 at 4.) The process server and filing fee are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. The remaining expense for the mediator is not a taxable cost, but is a permitted litigation cost under 29 U.S.C. § 216(b), which seems reasonable. Therefore, $911[6] should be allowed.

## IV. Recommendation

For the above reasons, the Court finds Plaintiff Jeffrey Zambrana has established violations of the minimum wage provision of the FLSA and FMWA. Based on Plaintiff's declaration, he also establishes entitlement to the damages and expenses he seeks.

Accordingly, it is **RECOMMENDED**:

(1) The Motion for Default Judgment (Doc. 51) be **GRANTED IN PART**[7] to the extent that a judgment of **$102,958.36** should be entered, calculated as follows:

---

[6] Zambrana alleges that the costs total $960 (Doc. 51 at 8), but that total includes the $49 fee for service of process on Defendant Palma, which is precluded because summary judgment has been entered in Palma's favor, and Zambrana is only seeking default against SDC in the motion.

[7] The motion is granted in part to account for the reduction in costs.

> (a)    $51,023.68 in unpaid minimum wages and an equal amount
>
> of liquidated damages, for a total of $102,047.36; and
>
> (b)    $911 in costs.

(2) Plaintiff be directed to file a motion for attorney's fees, if such relief

is sought, within 14 days of the entry of judgment.

**ENTERED** in Fort Myers, Florida on January 13, 2025.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.